Richard C. Boardman
ISB No. 2922
Randall L. Schmitz
ISB No. 5600
PERKINS COIE LLP
251 East Front Street, Suite 400
Boise, Idaho  83702-7310
Telephone: (208) 343-3434
Facsimile:  (208) 343-3232

Edward W. Bulchis
Mark S. Carlson
Jason Rhodes
DORSEY & WHITNEY LLP
U.S. Bank Centre
1420 Fifth Avenue, Suite 3400
Seattle, Washington 98101-4010
Telephone:    (206) 903-8800
Facsimile:    (206) 903-8820

Attorneys for Plaintiff Smith Sport Optics, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SMITH SPORT OPTICS, INC., a Delaware corporation,<br><br>              Plaintiff,<br><br>       v.<br><br>SUNGLASS INTERNATIONAL, LLC, dba SUNSMITH, a Rhode Island limited liability company,<br><br>              Defendant. | Case No. 06-37<br><br>**COMPLAINT FOR TRADEMARK INFRINGEMENT, DILUTION AND UNFAIR COMPETITION** |

Plaintiff Smith Sport Optics, Inc. ("Smith") complains and alleges against defendant Sunglass International, LLC, dba Sunsmith ("Sunsmith") as follows:

## PARTIES

1. Smith is a Delaware corporation with its principal place of business in Ketchum, Idaho. Smith is the owner of the SMITH trademark and registration at issue in this case, and has been engaged in the business of making, marketing and selling sunglasses and other eyewear, under the SMITH mark since at least 1969.

2. Sunsmith is a Rhode Island limited liability company with its principal place of business in Warwick, Rhode Island. Sunsmith, either itself or through an agent or licensee, offers for sale and sells sunglasses in the State of Idaho under the infringing SUNSMITH trademark.

## JURISDICTION AND VENUE

3. This action arises under the Trademark Act of July 5, 1946 (the "Lanham Act"), as amended (15 U.S.C. § 1051 et seq.). This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1332. As to claims under the Lanham Act, this Court has jurisdiction under 15 U.S.C. § 1121. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the state law causes of action pled herein because they arise from the same facts and relate to the same subject matter as the federal claims.

4. Sunsmith is subject to the personal jurisdiction of this Court inasmuch as it has offered to sell and/or sold, either by itself or through an agent or licensee, through established distribution channels, products within the State of Idaho using the infringing SUNSMITH trademark, including specifically SUNSMITH sunglasses. Sunsmith is also

subject to jurisdiction under I.C. § 5-514, as it transacts business and has committed tortious acts within the State of Idaho, from which the claims alleged herein arise.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

## FIRST CLAIM FOR RELIEF
### (Statutory Trademark Infringement Under 15 U.S.C. § 1114)

6. Smith realleges, and by this reference incorporates herein, each of the prior paragraphs hereof.

7. Smith owns the SMITH trademark. Smith first used the SMITH mark on eyewear in interstate commerce at least as early as 1969. Smith registered the SMITH mark on the principal register of the United States Patent and Trademark Office ("PTO"), as Registration No. 1805877, which issued on November 23, 1993. Smith owns the SMITH federal registration.

8. Sunsmith began using the SUNSMITH mark on sunglasses in interstate commerce without authorization well after Smith's first use of the SMITH mark.

9. When used on sunglasses, Sunsmith's SUNSMITH mark is confusingly similar to Smith's SMITH mark.

10. Sunsmith's unauthorized use of the confusingly similar SUNSMITH mark causes, and is likely to cause, confusion, mistake, and/or deception of others, as to the affiliation, connection, or association of Sunsmith with Smith, and also causes, and is likely to cause, confusion, mistake, and/or deception as to the origin, sponsorship, and/or approval of the goods and commercial activities of Sunsmith.

11. Sunsmith's use of the SUNSMITH mark on sunglasses constitutes trademark infringement in violation of 15 U.S.C. § 1114.

12. Sunsmith knew, or should have known, of Smith's rights, and Sunsmith's continued trademark infringement is knowing, willful, and deliberate, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

13. Smith has been damaged by such trademark infringement in an amount that cannot be fully measured or compensated in economic terms, but which will be proved at trial and exceeds $75,000. Sunsmith's actions have irreparably damaged, and will continue to irreparably damage, Smith's market, reputation, and goodwill, and may discourage current and potential customers from dealing with Smith. Such irreparable harm will continue unless Sunsmith's acts are enjoined during the pendency of this action and thereafter.

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin under 15 U.S.C. § 1125(a))

14. Smith realleges, and by this reference incorporates herein, each of the prior paragraphs hereof.

15. Sunsmith's unauthorized use of the SUNSMITH mark in interstate commerce in connection with sunglasses constitutes a false designation of origin, false or misleading description, and/or false or misleading representation. Such unauthorized use causes, has caused, and is likely to continue to cause, confusion, mistake, or deception of others, as to the affiliation, connection, or association of defendants and/or the SUNSMITH sunglasses with Smith and/or its SMITH sunglasses, and also has caused, and is likely to continue to cause, confusion, mistake, or deception as to the origin, sponsorship, or approval of the services and commercial activities of Smith.

16. Such false designation, description, and/or representation constitutes unfair competition and is an infringement of Smith's rights in its SMITH trademark in violation of 15 U.S.C. § 1125(a).

17. Sunsmith knew, or should have known, of Smith's rights, and Sunsmith's false description, false representation, and/or false designation of origin are knowing, willful, and deliberate, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

18. Smith has been, and will continue to be, damaged by such false description, false representation, and/or false designation of origin in a manner and amount that cannot be fully measured or compensated in economic terms, but which will be proved at trial and exceeds $75,000. Sunsmith's actions have damaged, and will continue to damage, Smith's market, reputation, and goodwill, and may discourage current and potential customers from dealing with Smith. Such irreparable harm will continue unless defendants' acts are enjoined during the pendency of this action and thereafter.

### THIRD CLAIM FOR RELIEF
### (Trademark Dilution Under 15 U.S.C. § 1125(c))

19. Smith realleges and by this reference incorporates herein, each of the prior paragraphs hereof.

20. The SMITH trademark, as used by Smith in connection with its sunglasses, has become famous in interstate commerce through substantially exclusive and continuous use. The duration of use and the extent of advertising of the SMITH mark have been significant and substantial.

21. Sunsmith's unauthorized use of the SUNSMITH mark on sunglasses constitutes use in interstate commerce and dilutes the distinctive quality of Smith's famous SMITH trademark. Sunsmith willfully intended to trade on Smith's reputation and good will, and to dilute Smith's aforementioned trademark in violation of 15 U.S.C. § 1125(c).

22. Smith has been, and will continue to be, damaged in a manner and amount that cannot be fully measured or compensated in economic terms, but which will be proved at

trial and exceeds $75,000.  Sunsmith's actions have damaged, and will continue to damage, Smith's market, reputation, and goodwill, and may discourage current and potential customers from dealing with Smith.  Such irreparable harm will continue unless Sunsmith's acts are restrained and/or enjoined during the pendency of this action and thereafter.

## PRAYER FOR RELIEF

WHEREFORE, Smith prays for judgment against Sunsmith as follows:

1. That defendant is liable for infringing Smith's SMITH trademark and Trademark Registration No. 1805877;

2. That Sunsmith's infringement of Smith's SMITH trademark has been willful;

3. For an order preliminarily and permanently enjoining defendant, its officers, agents, servants, employees, licensees, and attorneys, and all other persons in active concert or participation with defendant, from using in any way the SUNSMITH trademark on sunglasses and any other eyewear, and any other mark or designation that is confusingly similar to Smith's SMITH trademark, and from otherwise infringing any of Smith's trademark rights, from diluting Smith's trademark rights, and from otherwise competing unfairly with Smith;

4. That defendant be ordered to deliver to Smith for destruction all sunglasses and other eyewear, labels, signs, posters, prints, emblems, devices, literature, video or audio recordings, advertising and any other marketing materials in its possession, custody or control bearing the mark SUNSMITH or any other trademark or designation confusingly similar to Smith's SMITH trademark, pursuant to 15 U.S.C. § 1118;

5. That defendant be directed to cancel any registration and abandon any application to register the mark SUNSMITH or any other mark that is confusingly similar to Smith's SMITH trademark;

6. For an award to Smith of its damages incurred as a result of infringement by defendant of the SMITH trademark, including but not limited to Smith's lost profits on the SMITH eyewear products as well as Sunsmith's profits for the sale of its sunglasses and any other products marketed under the confusingly similar SUNSMITH mark;

7. For an adjudication that this is an exceptional case under 15 U.S.C. § 1117;

8. For an award of Smith's costs of this action, including reasonable attorneys' fees, costs, and interest, pursuant to 15 U.S.C. § 1117, or as otherwise provided by law;

9. For treble damages, as provided under 15 U.S.C. § 1117;

10. That defendant be ordered to file with this Court and serve on Smith within thirty (30) days after service of an injunction a report in writing, under oath, setting forth in detail the manner and form in which defendant has complied with the Court's injunction and orders;

11. For an award of pre-judgment interest; and

12. For such other and further relief as the Court deems just and equitable.

### DEMAND FOR JURY TRIAL

Smith demands a trial by jury on all issues so triable.

DATED: January 27, 2006.

**PERKINS COIE** LLP

By /s/Richard C. Boardman
    Richard C. Boardman
    Attorneys for Plaintiff